# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JANUARY 20, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0154-WC

RICKEY JACKSON												APPELLANT

								ON APPEAL FROM COURT OF APPEALS
V.										NO. 2020-CA-1514
								WORKERS' COMPENSATION BOARD
										NO. 19-WC-95750

PHOENIX TRANSPORTATION, INC.,								APPELLEES
WORKERS' COMPENSATION BOARD;
AND HONORABLE W. GREG HARVEY,
ADMINISTRATIVE LAW JUDGE

### MEMORANDUM OPINION OF THE COURT

### <u>AFFIRMING</u>

This case is before the Court on administrative appeal as a matter of right[1] by Rickey Jackson (Jackson), the Appellant. Jackson's appeal before this Court concerns only the constitutionality of KRS[2] 342.730(4) and whether the provision improperly discriminates based upon age thus violating the 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution. The Workers' Compensation Board lacked the authority to render a decision regarding the constitutionality of the statute, but affirmed the ALJ's Opinion, Award and Order. On appeal, the Court of Appeals affirmed the constitutionality of the statute. Jackson appealed.

---

[1] Ky. Const. § 115.

[2] Kentucky Revised Statutes.

For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 2019, Jackson suffered a work-related injury within the course and scope of his employment with Phoenix Transportation, Inc. (Phoenix), the Appellee. Jackson was 70 years old at the time of the accident. On August 24, 2020, the ALJ rendered an Opinion, Award and Order. The ALJ found Jackson to be permanently totally occupationally disabled as a result of the injury. The ALJ awarded income benefits pursuant to KRS 342.730(4), which requires, in part, that income benefits terminate four years from the date of injury. Jackson's income benefits will terminate on January 23, 2023.

Jackson appealed the 4-year cap to the Workers' Compensation Board (Board). As an administrative tribunal, the Board noted it had no jurisdiction to determine the constitutionality of a statute. However, the Board affirmed the ALJ's application of KRS 342.730(4) based on *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019). Jackson then appealed to the Court of Appeals, which affirmed the Board and the ALJ. Jackson appealed to this court.

## II. ANALYSIS

KRS 342.730(4) states:

All income benefits payable pursuant to this chapter shall terminate as of the date upon which the employee reaches the age of seventy (70), or four (4) years after the employee's injury or last exposure, whichever last occurs. In like manner all income benefits payable pursuant to this chapter to spouses and dependents shall terminate as of the date upon which the employee would have reached age seventy (70) or four (4) years after the employee's date of injury or date of last exposure, whichever last occurs.

2

Jackson argues the statute treats employees who are 66 or older at the time of their work-related injury differently than other employees. He opines this disparate treatment violates the Equal Protection Clause of 14th Amendment of the United States Constitution and Sections 1, 2, and 3 of the Kentucky Constitution.

In our recently published Opinion—*Cates v. Kroger*, 627 S.W.3d 864 (Ky. 2021)—this Court addressed whether the 2018 Amendment to KRS 342.730(4) violates the Equal Protection Clause. The Appellants in that case argued, as Jackson does herein that the statute treats older injured works less favorably than their younger counterparts.

In *Cates,* we held "the current version of KRS 342.730(4) is not violative of the Equal Protection Clause because the age classification is rationally related to a legitimate state purpose." 626 S.W.3d at 871. There is nothing in this case that distinguishes Jackson's appeal from the issue presented and settled in *Cates.* As such, we hold *Cates* to be dispositive in this matter.

### III. CONCLUSION

For the foregoing reasons, we affirm the ALJ's Opinion, Award and Order dated August 24, 2020.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Danny E. Darnall

COUNSEL FOR APPELLEE, Phoenix Transportation. Inc:

Jonanna F. Ellison
Aziza H. Ashy-Jones
Fowler Bell PLLC

Administrative Law Judge:
Hon. Greg Harvey

Workers' Compensation Board
Michael Wayne Alvey,
Chairman